IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CARL BROWNING | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-388 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER ON
AGREED MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

On July 2, 2012, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. The matter was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b).

*Background*

On January 28, 2013, the Commissioner filed an Unopposed Motion to Remand (docket entry #14) pursuant to sentence four of 42 U.S.C. § 405(g). On February 8, 2013, the Court issued a Report and Recommendation that the motion be granted and this Social Security action be reversed and remanded. No objection was filed. On March 5, 2013, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (docket entry #17), seeking an aggregate

1

$5568.00 in fees. On March 8, 2013, the District Court issued an Order Adopting the Report and Recommendation, thereby reversing and remanding pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act, and entered Final Judgment. On March 19, 2013, the Commissioner filed a Response to Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA (docket entry #19), in which she did not object to an award of reasonable attorney's fees but did object to the number of hours requested; to paying an award directly to Plaintiff's counsel instead of to Plaintiff; and observing that the motion for attorney's fees was prematurely filed.

Plaintiff and the Commissioner have now filed an Agreed Motion for payment of attorney's fees pursuant to the EAJA (docket entry #21). In it, the parties stipulate that Plaintiff shall be awarded $4800.00 in EAJA attorney's fees in compromise of the amount originally requested by Plaintiff. In addition, the parties agree that payment shall be made payable to Plaintiff and delivered via counsel. The motion is submitted jointly and signed by both parties.

### *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is

a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01,113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). The Commissioner has the burden of proving that the position of the United States in this matter was "substantially justified" and has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not shown special circumstances that would render an award unjust. Plaintiff filed his motion within 30 days of the judgment becoming final. He filed an itemized account in his original motion for attorney's fees; the Agreed Motion represents a negotiated compromise downward in either the number of hours claimed or the rate at which the hours are to be paid. It is undisputed that Plaintiff actually incurred these fees by virtue of his agreement with his attorney. *See Murkeldove*, 635 F.3d at 791.

The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff

originally asserted that the requested increase in the hourly fee is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. *See* Original Motion at 1. The Commissioner did not oppose Plaintiff's request for an hourly fee of $174.00 for attorney work performed in connection with this case. Although the Agreed Motion does not specify the hourly fee ultimately agreed upon, it necessarily is either a lower rate or the total amount requested represents an adjusted number of hours claimed. Inasmuch as the Commissioner tacitly agrees with the compromise amount, the Court finds it reasonable.

Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2524, 2526, 177 L. Ed. 2d 91 (2010); *see also Murkeldove*, 635 F.3d at 788 n.2. In part, that is so to make fee payments subject to a Government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S. Ct. at 2524. Therefore, the Court agrees that Plaintiff, not his attorney, should be paid the aggregate sum of $4800.00 in connection with this case. The parties stipulate that such payment should be forwarded via counsel for Plaintiff; the Court approves.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Parties' Agreed Motion (docket entry #21) for attorney fees pursuant to the Equal Access to Justice Act is **GRANTED**. The Commissioner is hereby **ORDERED** to pay Plaintiff for fees and costs incurred totaling $4800.00 pursuant to the EAJA, 28 U.S.C. § 2412(d).

**SIGNED this 4th day of April, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE